UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MARTIN,

                          Plaintiff,

                    v.

PERFORMANCE TRANS. INC., et al.,

                          Defendants.

_____

DECISION AND ORDER

17-CV-6471L

      Plaintiff Anthony Martin filed the complaint in this action on July 17, 2017. Plaintiff has asserted claims against six defendants, arising from the termination of his employment in December 2015. In short, plaintiff alleges that he was terminated in retaliation for his filing of an administrative charge with the New York State Division of Human Rights ("DHR"), alleging that he had been discriminated against on account of his race.

      The defendants are five entities, all of which plaintiff alleges were his employers, and one individual, John Kasap, who is alleged to have been the owner of one of those entities, as well as plaintiff's supervisor during the relevant time period.

      On July 6, 2018, defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court gave plaintiff until October 15, 2018 to respond to the motion.

      On October 9, plaintiff's then-lawyer filed a motion to leave to withdraw as plaintiff's attorney. Defendants filed a response stating that they had no objection. The Court granted the motion to withdraw on November 6, 2018, adding that if plaintiff sought an extension of time to

respond to the Rule 12(c) motion, he should apply to the Court. Plaintiff–who is now proceeding *pro se*–has not done so, nor has he filed a response to defendants' motion.

Plaintiff's failure to respond to the Rule 12(c) motion does not mean that the Court can automatically dismiss the complaint. Rather, if the pleadings are themselves sufficient to withstand dismissal, "the complaint will not be dismissed simply because the complainant failed to respond to a Rule 12(c) motion." *Nauss v. Barnhart*, 155 Fed.Appx. 539, 540 (2d Cir. 2005) (quoting *Maggett v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)).

In support of their motion, defendants have submitted and relied on various documents outside the pleadings. In particular, defendants have submitted affidavits of three individuals, Irina Ignatovets, Igor Kasap and Robert Lefebvre. Defendants have also submitted copies of DHR decisions concerning other complaints filed by plaintiff (which relate to the same underlying events as the complaint in this action), in which the DHR found no probable cause for plaintiff's allegations.

Under Rule 12(d), a court may convert a Rule 12(c) motion for entry of judgment to a Rule 56 motion for summary judgment when the parties present evidence outside the pleadings and are "given the reasonable opportunity to present all material that is pertinent to the motion." *Certified Multi-media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, 150 F.Supp.3d 228, 236 (E.D.N.Y. 2015), *aff'd*, 674 Fed.Appx. 45 (2d Cir. 2017) (quoting Rule 15(d)). I find that this is the appropriate course here.

The affidavits submitted by defendants relate generally to defendants' contention that the alleged employers do not meet the employee-numerosity requirement of Title VII. *See* 42 U.S.C. § 2000e(b) (providing that Title VII applies to an employer "engaged in an industry affecting

commerce who has fifteen or more employees"). But if the alleged defect is not apparent from the pleadings, the Court may not dismiss the complaint under Rule 12(c). *See Ballentine v. Three T. Towing, LLC*, No. 17-CV-56, 2018 WL 1569869, at *3 (W.D.N.C. Mar. 7, 2018) ("None of this evidence [relating to numerosity] can be considered in evaluating Plaintiff's claims under Rule 12(b)(6) unless the Court elects to treat the Motion as one for summary judgment"); *Davenport v. HansaWorld USA, Inc.*, 23 F.Supp.3d 679, 686 (S.D.Miss. 2014) ("The Court finds that the dismissal of Davenport's Title VII cause of action under Rule 12(b)(6) would be improvident under these circumstances, and that the employee numerosity requirement should be addressed under Rule 56").[1]

Defendants have also asked the Court to take judicial notice of the DHR decisions on plaintiff's administrative complaints. Defendants contend that those decisions show that plaintiff's allegations "repeatedly have been found to be in conflict with the actual facts of the case." Def. Mem. (Dkt. #26-7) at 6.

Whether a court, on a Rule 12(c) motion, may take judicial notice of an administrative decision is not the same as whether the court may consider the substance of that decision–*i.e.*, the agency's conclusions and reasoning. The Court may take judicial notice of the fact that a decision was issued, but defendants apparently wish the Court to go beyond that, and take into account the DHR's conclusions that plaintiff's claims lacked merit. That, the Court may not do, under Rule 12(c).

---

[1] The standards under Rules 12(b)(6) and Rule 12(c) concerning the court's consideration of matters outside the pleadings and conversion to summary judgment are essentially the same. *See Arroyo v. City of Buffalo*, No. 15-CV-753, 2017 WL 3085835, at *3 (W.D.N.Y. July 20, 2017) ("On a motion under Rule 12(b)(6) or Rule 12(c), the court's consideration generally is limited to the four corners of the complaint or, if matters outside the pleadings are considered, such motion must be converted to one for summary judgment with notice of the conversion given to the non-movant").

For all these reasons, the Court concludes that defendants' motion for judgment on the pleadings should be converted to a motion for summary judgment, as set forth below.

**CONCLUSION**

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court gives the parties notice of its intention to convert defendants' motion for judgment on the pleadings (Dkt. #26) to a motion for summary judgment under Rule 56.

Defendants shall submit, no later than January 22, 2019, any additional materials pertinent to defendants' motion, in accordance with Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure for this district. Plaintiff must file his response no later than twenty-one (21) days after the filing of defendants' papers.

**Plaintiff is also hereby advised as follows:**

*The defendants in your lawsuit have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).*

***Failure to Respond to the Defendants' Motion for Summary Judgment May Result in the Grant of Judgment in Favor of the Defendants and the Dismissal of All or Part of Your Case.***

*Therefore, you MUST submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit*

*is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.*

*You MUST also submit a separate, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. See Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). Note that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.*

*You MUST also submit a separate answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the non-complying party.*

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2019.