UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY MARTIN,

                      Plaintiff,

v.

PERFORMANCE TRANS., INC., et al.,

                      Defendants.

DECISION AND ORDER

17-CV-6471-DGL-MJP

---

**Pedersen, M.J.** Before the Court is defendant Performance Transportation Inc.'s ("Defendant") bill of costs for $2,104.66. (Bill of Costs at 1, ECF No. 65.) Plaintiff Anthony Martin ("Plaintiff"), who is *pro se*, filed opposition through a letter to the Court.[1] (Letter, ECF No. 68.) For the reasons stated below, the Court awards Defendants their requested amount.

---

[1] Plaintiff's February 24, 2022, letter (ECF No. 68) attacks the validity of the Court's underlying order that granted Defendants' motion for sanctions. (ECF No. 64.) Plaintiff argues that Defendants' counsel promised he would call him on the morning of the deposition. (Letter at 1, ECF No. 68.) Defendants indicate otherwise. (Letter at 1, ECF No. 69.) Plaintiff also states that "up until this time February 23, 2022[,] I have not got [sic] a court letter with a court date." (*Id*. at 2.) For the reasons stated below, the Court will not reconsider its earlier order. (ECF No. 64.) However, the Court will not treat Defendants' bill of costs as unopposed because Plaintiff has filed a letter response.

As an initial matter, the Court doubts Plaintiff's position that he has not been receiving notices from the Court or Defendants' counsel: as Defendants point out, Plaintiff apparently received the bill of costs because he called Defendants' counsel to relay his new address. (Letter at 1, ECF No. 67.)

Setting aside whether Plaintiff had actual notice of the deposition for which Defendants' counsel seeks to recover costs and fees, there is no recourse for Plaintiff here. "It was [Plaintiff's] responsibility to keep the court apprised of his most current address." *Vasquez v. Rockland Cty.*, No. 20-3684-PR, 2021 WL 5286676 (2d Cir. Nov. 15, 2021). Defendants' letter dated February 15, 2022, is the first indication the Court had that Plaintiff's address had changed. (ECF No. 67.) Apparently, Plaintiff called Defendants' counsel to relay his new address. (*Id*.) Thus, as of February 15, 2022, Defendants had notice of Plaintiff's change in address, meaning that Defendants' earlier service on Plaintiff concerning the motion for sanctions and the bill of costs was procedurally adequate. *See* Fed. R. Civ. P. 5(b)(2)(C) (service may be effected by mailing documents to a party's "last known

1

## PROCEDURAL AND FACTUAL HISTORY

The Court will assume the parties' familiarity with the underlying facts and allegations of this case.[2] On February 8, 2022, the Court entered a decision and order ("D. & O.") granting Defendants' motion for sanctions against Plaintiff. (ECF No. 64.) The Court found that Plaintiff failed to appear for a deposition, causing Defendants' counsel to incur unnecessary costs. (*Id.* at 3–4.) For the reasons stated above at footnote 1, the Court will not revisit that D. & O.

The Court directed Defendants to submit a bill of costs, which they did on February 11, 2022. (ECF No. 65.) Defendants state that they incurred the following costs because of Plaintiff's failure to appear at the deposition: travel costs, mileage, court reporting charges, and attorney's fees for preparing for the motion for sanctions. (Aff. of Charles C. Spagnoli, Esq., ("Spagnoli Aff."), at 1–2, ECF No. 65-1.) Finally, Defendants filed a certificate of service indicating that they served Plaintiff with the bill of costs at his previous address which was the address on file with the Court at that time. (Certificate of Service, ECF No. 66.)

Plaintiff opposes Defendants' bill of costs primarily by attacking the Court's underlying D. & O. (Letter, ECF No. 67.) The Court will treat Plaintiff's letter as opposition to the bill of costs, however, because Plaintiff notes, "I don't owning [sic]

---

address"); *see also Harris v. Slocum*, No. 14-CV-6260L, 2021 WL 5166184, at *1 (W.D.N.Y. Nov. 5, 2021) (finding service in accordance with Fed. R. Civ. P. 5(b)(2)(C) complete "even though it was returned as undeliverable").

[2] A recitation of the facts and underlying allegations may be found in the Court's decision and order granting Defendants' motion for sanctions. (D. & O. at 3, ECF No. 64.)

nothing," apparently indicating that even if the Court awarded sanctions, Defendants would be unable to collect. (Letter at 2, ECF No. 67.)

## STANDARD OF LAW

The Second Circuit directs district courts "to bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The "starting point," however, is a calculation of the "lodestar" figure. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."). It is the starting point because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' impl[ies] [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

Courts calculate the "lodestar" figure by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-cv-1431 V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once calculated, there is a "strong presumption" that the lodestar figure is reasonable, but this presumption "may be overcome in those rare circumstances in which the lodestar does not

adequately take into account a factor that may be properly considered in determining a reasonable fee." *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 503810, at *4 n. 6 (W.D.N.Y. Feb. 14, 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)); *see also McPhaul v. Insight Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor Hill* factors.") Courts may consider the *Arbor Hill* factors[3] to determine if the lodestar method has produced a reasonable fee. *See McPhaul*, 2022 WL 542534, at *3 ("The court may then adjust the lodestar amount, factoring in the *Arbor Hill* considerations."). Finally, given "the district court's familiarity with the quality of representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd*, 271 F.3d 352 (2d Cir. 2001).

---

[3] The *Arbor Hill* factors are as follows:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

522 F.3d at 186 n. 3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Since the applicable *Arbor Hill* factors are considered in computing the reasonable hourly rate, the Court will not consider them further. *See Davis v. Shah*, No. 12-CV-6134 CJS, 2017 WL 2684100, at *3 (W.D.N.Y. June 22, 2017) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)) ("In setting the reasonable hourly rate, courts should bear in mind . . . the *Johnson* [*i.e. Arbor Hill*] factors.").

## DISCUSSION

### *The Defendant's Proposed Hourly Rate is Reasonable.*

Defendants seek an hourly rate of $225.00. (Bill of Costs at 1, ECF No. 65; Spagnoli Aff. at 2, ECF No. 65-1.) Based on a review of his firm's website, Mr. Spagnoli has 27 years of experience as an attorney. Charles C. Spagnoli, The Law Firm of Frank W. Miller (2018), https://fwmillerlawfirm.com/charles-c-spagnoli/. For the reasons stated below, the Court finds this rate to be reasonable given Mr. Spagnoli's experience level and the hourly fees commonly charged in this district.

Using a $225 hourly rate is appropriate, first, because the Western District has frequently applied higher "reasonable in-district rates" to attorneys with experience levels lower than that of Defendants' counsel. *See, e.g.*, *Grand River Enterprises*, 2021 WL 4958653, at *4 (awarding $500 hourly fee to attorney with 20 years of experience); *DIRECTV, LLC v. Wright*, No. 1:15-cv-00474-FPG, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (awarding hourly rates ranging from $385 to $490). In a 2016 case, *In re Eastman Kodak ERISA Litigation*, the Western District applied "reasonable in-district rates" of $325 an hour for partners and other senior counsel and $300 an hour for associates. 213 F. Supp. 3d 503, 506. Given that "[t]he rates used by the court should be current rather than historic hourly rates," *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006), the Court is persuaded that $225 per hour is reasonable since it would have fallen below the "reasonable in-district rates" for associates in 2016. *In re Eastman Kodak*, 213 F. Supp. at 506.

Second, the Court's own knowledge of the district supports the proposition that $225 is a reasonable hourly rate. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may use its knowledge of the relevant market when determining the reasonable hourly rate.") For the reasons stated, the Court finds that a $225 hourly fee is "[a] reasonable rate . . . in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Schneider*, 2021 WL 5042502, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

### *Reasonable Hours Billed*

Next, the Court must consider the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. "[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records." *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 62–63 (W.D.N.Y. 2018) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "To determine the reasonableness of the hours spent on litigation, the court must make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Id.* (quoting *McLaughlin v. IDT Energy*, 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018)).

Concerning documentation of hours, the "requesting party" must "submit evidence supporting the number of hours worked and the hourly rate claimed." *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL

6

4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorneys "should include 'contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

Defendants satisfy the documentation requirement. First, Defendants' counsel states that he "made a record of what transpired" before leaving the deposition site. (Aff. in Supp. for Mot. for Disc. Sanctions ¶ 17, ECF No. 59-1.) Defendants provided a breakdown of costs based on that record, (Spagnoli Aff. ¶¶ 2, 4, ECF No. 65-1), "listing the time spent on the case, the attorney performing the services . . . and a description of the work performed." *Martinez v. City of New York*, 330 F.R.D. 60, 66 (E.D.N.Y. 2019).

The Court is persuaded that Defendants seek compensation only for hours that were "reasonably necessary." *Martinez*, 330 F.R.D. at 72 (citing *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012)). First, Defendants seek compensation only for activities that were essential to preparation of the motion for sanctions and activities involved with the deposition. (Spagnoli Aff. ¶¶ 2–4, ECF No. 65-1.) These fees include Defendants' counsel's travel time, compensation for mileage, and court reporting charges. (*Id.* ¶ 2(a), (b) & (c)). Second, Defendants seek compensation for preparation of their motion for sanctions which took 2.4 hours, which the Court finds to be reasonable. (*Id.* ¶ 4(a)). Finally, Defendants seek compensation for "preparing for and attending remote oral argument" on the motion

7

for sanctions on November 29, 2021, in the amount of .5 hours, which the Court also finds to be reasonable. (*Id.* ¶ 4(b)). Thus, this is not the kind of fee application that requires the Court "to deduct a reasonable percentage of the number of hours claimed" in order to "trim[] fat." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173). For the reasons stated, Defendants' hours billed are reasonable.

## CONCLUSION

For the foregoing reasons, the Court awards the full amount Defendant's request totaling $2,104.66. This includes the lodestar calculation and the costs associated with both Plaintiff's failure to appear for his deposition and Defendants' preparation and prosecution of the motion for sanctions. Accordingly, the Court directs Plaintiff to issue a check in the amount of $2,104.66 to Defendants' counsel within 30 days of the date of this Decision and Order.

SO ORDERED.

Dated:   March 21, 2022
         Rochester, New York

                                            _____
                                            MARK. W. PEDERSEN
                                            United States Magistrate Judge