UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY MARTIN,

                              Plaintiff,                  DECISION AND ORDER

vs.                                                     17-CV-6471 DGL-MJP

PERFORMANCE TRANS., INC., et al.,

                              Defendants.
_____

**Pedersen, M.J.** Before the Court is Plaintiff pro se's motion to recuse. (Notice of Motion, Apr. 27, 2022, ECF No. 71.) For the reasons stated below, the Court denies the application.

## STANDARD OF LAW

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, two possible grounds are raised by Plaintiff pro se's motion for disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party.[1]

When deciding a motion for recusal, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). A

---

[1] Plaintiff pro se has not alleged any financial conflict, nor has the undersigned's review of his financial holdings indicated any conflict.

litigant is "entitled to an unbiased judge; not to a judge of their choosing." *Id.* Therefore, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.*

> "A judge's prior decisions adverse to a defendant do not merit recusal." *See Petrucelli v. United States*, Nos. 14-cv-9310, 2-cr-99, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) (citing *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013)). To succeed on a motion for recusal under Section 455(a), a Petitioner must present evidence of a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

*Mitchell v. Mayorkas*, No. 20-CV-1183-JLS, 2021 WL 4244327, at *2 (W.D.N.Y. Aug. 24, 2021).

"The well-established test … is … whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge … or even necessarily in the mind of the litigant filing the motion ... but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). "[T]he test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988) (emphasis in original), *cert. denied* 490 U.S. 1102 (1989).

## ANALYSIS

Plaintiff pro se's basis for seeking recusal is that the Court awarded defendant Performance Transportation Inc. sanctions of $2,104.66 against Plaintiff pro se because of his failure to attend his scheduled deposition. (Decision and Order (Bill of Costs), Mar. 21,

2022, ECF No. 70; Decision and Order (Sanctions), Feb. 8, 2022, ECF No. 64.) The Court presumes the parties' familiarity with the two decisions. In both, the Court carefully explained why Plaintiff pro se was being sanctioned and being directed to pay costs. Plaintiff pro se did not oppose the motion for sanctions and did not appeal either decision to the district judge to whom this case is assigned. In its decision of February 8, 2022, the Court included a warning:

> Notwithstanding that this is Plaintiff's second failure to appear for a significant event in his case, and he failed to respond to the motion for sanctions, despite being served with the same well in advance of the appearance date on November 29 and failed to appear for the argument of the sanctions motion, again despite sufficient notice, the undersigned cannot recommend that the district court also grant the application to dismiss the complaint. **However, the undersigned warns Plaintiff that further failures to comply with the Court's orders, or a failure to appear for deposition, may result in dismissal of the case**.

(Decision and Order at 4, Feb 8, 2022, ECF No. 64.) The present motion seeking recusal fundamentally seeks to reargue the sanctions issue. It does not contain any information that would lead a reasonable person to conclude that the Court is impartial or biased or prejudiced against Plaintiff pro se.

On the contrary, the Court arranged for Plaintiff pro se and defense counsel to use the undersigned's courtroom for Plaintiff pro se's deposition since neither had a space to use in Rochester. Notwithstanding notice to him, Plaintiff pro se failed to appear on the scheduled date, and, in fact, appeared not to even pay attention to what day it was when the defense counsel called him to find out why he was not at the courthouse.

## CONCLUSION

Nothing raised in Plaintiff pro se's application (ECF No. 71) constitutes a reason for the undersigned to recuse himself from this case. Accordingly, the Court denies Plaintiff pro

se's motion (ECF No. 71). Plaintiff pro se may appeal this decision to the district court within fourteen days per 28 U.S.C. § 636(b)(1)(A) and Loc. R. Civ. P. 72.[2]

IT IS SO ORDERED.

Dated: May 5, 2022
       Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

---

[2] RULE 72  REVIEW OF MAGISTRATE JUDGE'S ACTIONS

The District Judge may designate a Magistrate Judge to conduct pre-trial procedures, and perform some or all duties conferred upon Magistrate Judges by 28 U.S.C. § 636(b). Requests for review of a Magistrate Judge's action shall be made in accordance with the Federal Rules and the following:

(a) Nondispositive Matters. All orders of the Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be effective unless and until a stay is obtained or the order is otherwise reversed or vacated by the District Judge. In the event that a party files objections, the specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections.

(b) Dispositive Motions and Prisoner Petitions. Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority. A party seeking additional time to file objections must file a motion for an extension of time with the District Judge within fourteen (14) days after being served with the Magistrate Judge's recommended disposition.

(c) Certification. Any party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge.