UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY MARTIN,

                              Plaintiff,

        v.

PERFORMANCE TRANS. INC., et al.,

                              Defendants.
_____

DECISION AND ORDER

17-CV-6471L

      Plaintiff Anthony Martin brings this *pro se* action against five corporations and one individual, alleging a claim of unlawful retaliation under 42 U.S.C. § 1981.[1] Martin's claim arises out of defendants' decision to stop using Martin as one of their truck drivers, allegedly in retaliation for his having complained of unlawful discrimination.[2]

      Defendants have moved to dismiss the complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure, based on plaintiff's refusal to participate in discovery and his non-compliance with Court orders. (Dkt. 79.) Plaintiff has filed a response in opposition to the motion. (Dkt. #81.) For the reasons that follow, defendants' motion is granted and the complaint is dismissed with prejudice.

---

[1] When the complaint was filed, plaintiff was represented by counsel. On November 6, 2018, the Court granted counsel's motion to withdraw (Dkt. #29, #33). Since then, plaintiff has prosecuted the action *pro se*.

[2] There has been some dispute in this case about whether Martin worked for defendants as an employee or an independent contractor, but that is not germane to the issues before me.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012).  Subsection (b)(2)(A) provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Rule 37(b)(2)(A) authorizes a range of sanctions, including "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party."

Courts look to four non-exhaustive factors when considering whether to impose sanctions under Rule 37:  "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks, alteration, and citation omitted).  "[T]hese factors are not exclusive, and they need not each be resolved against" a party to warrant sanctions.  *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Applying those factors here, I find that dismissal of the complaint is a warranted and appropriate sanction to impose against plaintiff.  In their memorandum of law and other papers filed in support of their motion (Dkt. #79), defendants have well laid out the background events supporting that conclusion.

Martin failed to appear for a noticed deposition in November 2021. Defendants moved for sanctions, and the Court scheduled a hearing on the motion for November 29, 2021. Martin again failed to appear.

The Court then issued a Decision and Order (Dkt. #64) directing defendants to submit a bill of costs in connection with the previously scheduled deposition. In that decision, the Court noted that plaintiff had twice "fail[ed] to appear for a significant event in his case, and he failed to respond to the motion for sanctions, ... and failed to appear for the argument of the sanctions motion .... ." The Court expressly warned Martin that "**further failures to comply with the Court's orders, or a failure to appear for deposition, may result in dismissal of the case**." *Id.* at 4 (boldface in original).

After defendants submitted their bill of costs, on March 21, 2022 the Court issued a Decision and Order (Dkt. #70) directing plaintiff to issue a check to defendants' counsel within thirty days, in the amount of $2104.66. According to defendants, Martin has not paid one dollar of that amount.

In June of this year, defense counsel sent Martin a notice to appear for a remote (video) deposition. Martin refused to accept a Certified Mail copy of the notice, but a copy was delivered to him by regular mail. He did not appear for the deposition or respond to the notice.

In his response to defendants' present motion (Dkt. #81), Martin states that he is "open for a deposition with [defendants' attorney] Frank W. Miller," but he adds, "I don't want Frank to call me or write me with any date and time" because in plaintiff's opinion Miller has not been "fair" to him. Martin also intimates that Magistrate Judge Mark W. Pedersen, who awarded the bill of costs, has "take[n] all the disadvantage [sic] of" him in some way, and that Judge Pedersen

gave Miller "a lot of change," by which he presumably means the money awarded in the bill of costs order. *Id.*[3]

Based on these facts, it is evident that plaintiff has willfully refused to comply with deposition notice and court orders, for no good reason. Lesser sanctions have been imposed without effect; Martin has not complied with the prior sanctions order, and it obviously had no deterrent effect, since he subsequently failed again to appear for a deposition. This pattern of non-compliance has now continued since November of last year. Finally, as explained above, Martin was expressly warned in no uncertain terms that his complaint might be dismissed if such behavior continued.

In short, all four of the relevant factors set forth above point to the appropriateness of sanctions, and specifically dismissal. Plaintiff has been given several chances to participate in discovery, and his response has been essentially to refuse to deal with defendants' lawyer and to imply, without foundation, that the Court and defense counsel are working in cahoots against him. Under such circumstances, no sanction short of dismissal is likely to have any efficacy. The complaint is therefore dismissed with prejudice. *See Torres v. Levesque*, 52 F.App'x 155, 156 (2d Cir. 2002) (district court did not abuse its discretion when it dismissed case based on its conclusion that *pro se* plaintiff's explanation for his failure to comply with the court's order to submit to a deposition was insufficient); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming district court's dismissal of *pro se* plaintiff's lawsuit after district court warned that failure to cooperate with a deposition risked dismissal).

---

[3] Martin previously moved for an order of recusal based on Judge Pedersen's award of the bill of costs, which the Magistrate Judge denied. (Dkt. #75.)

## CONCLUSION

Defendants' motion to dismiss the complaint pursuant to Rule 37(d) of the Federal Rules of Civil Procedure (Dkt. #79) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 4, 2022.